Honored to have sitting with us this morning Judge Cogburn from the Western District of North Carolina. Thank you. Thank you We're ready for argument in our first case. Mr. Hytens Good morning, Your Honor's and may it please the court. My name is Toby Hytens I've been appointed by this court to represent the appellant Justin Marshall Evans Our position in this morning's case is simple and has two parts First under the extraordinary circumstances of this case the district court exceeded its discretion in denying Mr. Evans motion to request counsel to represent him and Second the appropriate remedy is to vacate the district court's judgment and to remand this case for further proceedings Unless the court has questions about the remedial issue I'm going to focus this morning on the threshold question of whether there are extraordinary circumstances This court's precedents say when assessing extraordinary circumstances. We look to two basic questions the characteristics of the claimant and the characteristics of the claim that he is bringing or the characteristics of the case under both of those characteristics this case presents extraordinary circumstances as To the claimant the single most important feature of this case And I think one that separates it from every case that has been cited in any of the briefs that I'm aware of is That for the entirety of the district court litigation From the moment his complaint was filed Through the moment that the district court dismissed his claim Mr. Evans was confined at a psychiatric facility where he had no access to the law and Whose part and whose personnel took the position? The law library at some points Your honor he had access to the law library I think the record reflects at some points while he was detained at the prison But I'm speaking about the Porsche where he was confined at the time of the district court litigation He was confined in the psychiatric hospital for the entirety of the district court litigation And when the court was deciding whether to grant his request for Counsel to represent him How much time was that that he was confined at the psychiatric hospital As of the date of the filing of the complaint your honor my best Calculation is that it's somewhere between ten and a half and eleven months. He was confined intermittently. He was first as I believe Detained in 2009 this case was filed in 2015. He was confined intermittently during that Ten and a half to eleven and a half month period no your honor my understanding Correct your honor my best calculation based on the timeline that we've prepared at page seven of our brief is that at the time of the litigation was filed he Had been confined at the psychiatric facility for somewhere between ten and a half and eleven months in total But he had also I will and I will add he was sent there for the last time Approximately four months before this suit was filed and throughout the entirety of the district court litigation He was at the psychiatric facility And I think that's important your honor because this court's cases indicate that in assessing his request for counsel We have to look to his status as of the time of the request and at the time of the request He was at the psychiatric facility and had been there the entire time it It appears to me though that Evans was fairly successful in articulating his claim so I Understand I certainly understand Your point and these are very unique circumstances because a lot of the reason for denying mr. Evans Access had to do with his inability to be around any object that he could turn To self-destructive purposes a book a pencil paper or anything of that sort but given those limitations he was fairly clear in Articulating what the basis the bases of his concerns was he not I We certainly don't contest that mr. Evans was illiterate or was incapable of expressing himself in writing and in this case we certainly agree with that You're on my question went just a little bit further. He was he also was very articulate in describing The The abuse the complaints that he was made I Think it's fair to say that in describing the underlying substantive allegations. He was making mr. Evans was able to express himself and I certainly agree that that is a fact that cuts against us in this case and there are also There are arguments is I understand it about this I read you about tolling it isn't clear to me how tolling would help you here So at some point it would be useful for my benefit if you would Of course your honor that brings us to the second question Which is the characteristics of the claim because the court has said we have to look at both the characteristics of the claimants and of The claim I think it is important in emphasizing that that this court's decision and wise in it Which is this court's leading precedential opinion on this question? Repeatedly actually describes it as the complexity of the case and I think that's where the tolling issue Comes into play your honor the court has said we have to look at how complex is this case? Is this a case where a layperson without the aid of an attorney could reasonably be expected to represent themselves? And I think the tolling issue comes in that it's very important I think in this case your honor and again a distinguishing feature for many of the prisoner cases the defendants in this case Have never moved for dismissal on the grounds that mr. Evans's substantive allegations are meritless on their face They had did not file a motion to dismiss for failure to state a claim under the Twombly Iqbal Standards of pleading they have never alleged that on their face The allegations and the complaint would entitle them to dismissal based on qualified immunity they have instead made a legal argument that mr. Evans's claims are untimely which squarely raises the question of the timeliness And this is where the tolling issue comes in your honor, and it's it's curious to me that the district courts opinion Doesn't address Tolling at all in fact the time-barred claims discussion is only about eight lines of a pretty long district court Opinion how does that? Factor into your argument your honor. I think it just emphasizes why mr. Evans needed a lawyer because as we pointed out mr. Evans was through some mechanism that's that's not apparent from the record He was able in his opposition to the summary judgment motion, and I'm quoting here from page 199 of the joint appendix mr. Evans said that he is informed that there exists legal precedence case law saying that in some Circumstances the time bar would not apply, but then this is the all-important language your honor He says since plaintiff is currently denied access to the law library Plaintiff cannot research this and quote the appropriate case law and that just we think underscores precisely why mr. Evans needed a lawyer under these circumstances Because a lawyer could have first realized the somewhat counterintuitive point that the statute of limitations on a federal claim under the Supreme Court's decisions is Actually a matter governed by state law and then realized that he needed to consult the Virginia Code To find the relevant provisions on tolling that we set forth in his brief And I think it's clearly prejudicial to him your honor because the research that we were able to do After being appointed by this court to represent him reveals that he has at least two Facially plausible tolling arguments under Virginia law that he was never able to present to the district court and that the district court as a result Was never able to rule on so that to answer judge Duncan's question I think that's why the tolling issue is relevant for two different reasons one this court has said on the second characteristic we need to ask whether he has a colorable claim and Availability of facially plausible arguments for why his the tolling situation applies is part of our argument for why his claim is facially colorable and Second it's relevant because I think it increases the complexity of the case Which again is the court's language from wisenant? You need to look at the complexity of the case. One of the things we lay out in our brief is This court has said that if the case of if it is a case like Brock which is cited in the red brief Brock is a case where this court said Ultimately this case comes down to a straightforward factual question Who do you believe about fact X and the court said that is the sort of thing where a prosaic? Individual may be able to represent themselves competently But this case has never come down to something like that this case at its heart turns on the legal question of whether his claims Are time barred and under the extraordinary circumstances of this case. Mr Evans could not reasonably be expected to research that issue for himself and respond to it while he was Preparing his claim. I understand Your your point that he was confined to a mental facility During the pendency of the litigation, but did he not have access to the law library? I'll be it on a limited basis and counsel during the time. He was preparing his client Yes, your honor that the record certainly indicate. Well, the record does not indicate precisely when mr Evans was preparing his claim I think the record does establish that he had at least some access to the law library while he was at VPR J, although I would want to emphasize a couple of it's interesting to you that as I understand it, he does not appeal The district courts denial of this claim of lack of meaningful access to the courts Your honor mr. Of course this case began with mr. Evans filing a pro se Informal brief it is not discussed in our brief. I I guess I wouldn't be comfortable characterizing Mr Evans is pro se brief and what this court does and does not determine is fairly included by that Certainly the briefing but there was a dismissal of that claim and that's not a part of this appeal That's correct. Your honor. That is certainly correct I would say though on the question of his access while he was at VPR J I will point out that the principal document under which the defendants rely is this or one of the principal documents Was this memo from one of the defendants that outlines the procedures for getting him access to the law library? I think there are two things about that document that are noteworthy one of which is that it's dated December 23rd 2015 which is by my count at a point at which he had already been on and off confined at the jail for more than Four years and and second of all, I think you can't view that document out of without looking at the context and the context being That mr. Evans alleges And we have noted this in both our opening brief and our reply brief Mr Evans has specifically alleged that in the course of his criminal proceeding one of the defendants in this case Acknowledged that for some period of time. He was denying. Mr. Evans access to the law library for the purpose Because of the fear that mr. Evans would file a lawsuit against the prison and mr. Evans in his supplemental brief. Excuse me, your honor Mr. Evans in his informal brief to this court that he filed before I was appointed to represent him Mr. Evans specifically asserts the reason I didn't file suit sooner was because in December of 2013 The record reflects a memo Stating that Evans could request one packet of legal materials at a time That he would have to turn that in to get another one because of this because of Every Time he had access to anything like toilet paper he would use it in to purposes of self-abuse He was allowed to use the law library one hour per day After a search to uncover all items that may be used to cause harm and he was allowed to write with a non Toxic crayon and to take those notes back to his cell. So there was some response There was a period when the when the prison authorities responded by trying to Make the library accessible to him using implements that he could not turn on himself There's certainly evidence to that effect your honor. That's in the record. You're right. That's a joint appendix 194 295 But again two things to say about that First of all, this was not something that was done until after he had been at the jail for approximately four years But I thought we were talking about his ability to prepare correct, right? So we're correct your honor, but that certainly leaves open the possibility again that's dated as I said December of 2013 2013 your honor Well, so the argument that the defendants raised is that the time bar started running in 2010 to 2012 And so if there was a period of time prior to that memo When he was not being allowed to access the library that would support our argument that there would be tolling with regard to those periods And second and more importantly your honor. I think this just illustrates powerfully why it was so important that mr Evans had a lawyer because the document your honor just referenced was one of 11 separate documents that the defendants filed in support of their motion for summary judgment and Then asked the district court to grant summary judgment based on only the evidence that they had supplied Which happened because mr Evans did not have a lawyer to represent him The defendants have cited in their briefs a number of facts that we point out in our reply brief Mr. Evans has actually disputed in his various pro se filings, but without an attorney to represent him. Mr Evans had no ability to meaningfully contest the facts that the defendants had proffered in support of their summary judgment motion So at the end of the day your honor this case presents a person who was confined at a psychiatric Facility with no ability to access the law and who has presented a colorable claim that he lacked the capacity to present And so unless the court has further questions, I'd like to reserve the balance of my time Thank you very much, thank you Mr. Rosen when you're ready Good morning honors Jeff Rosen on behalf of the Mr. Koplinsky and the officers at the Virginia Peninsula Regional Jail The district court did not abuse its discretion denying appellants request for assistance of counsel There's no exceptional circumstances existed when in this case the inmate was competent to represent himself in his criminal case Where the inmate filed a 14 page of typewritten facts to support his 1983 claim a better written than some lawyers I've dealt with he failed to outline Any exceptional circumstances to the general district court judge telling him I'm in a psychiatric hospital. I'm incompetent I'm not able to take and formulate my thoughts. I'm on medication. He didn't do any of that Would he have been expected to self-diagnose? Not to self-diagnose, but at least let the court know what the exceptional circumstances are. How would the court know that but the exceptional? Circumstances are that he's extremely mentally ill It should that not be taken into account Well, as I said, I from looking at his pleading that is not obvious would not be obvious to district court judge in my opinion well Surely it would have been at some point Well, I think I think he I think the reason he was Hospitalized was because of his self-harmful behavior But there was never determination. I've been competent back Maybe I'm not understanding your point is that he did not present or those facts were not presented to the court by anybody Yes, when he was followed up on his request for appointment of counsel He's not the judge. I asked what it then you've not indicated exceptional circumstances to me Do you agree that he was extremely mentally ill? I? Would I would I would agree that he had a mental problem causing to self-harm himself? But he was found competent to represent himself in this criminal case. Maybe that means he needed an attorney Well, as I said, he refused an attorney in the criminal case and thought he could represent himself in this case. Maybe that means he The exceptional circumstances existed that he needed an attorney I find that incongruous I Found in Congress if he can represent himself in this criminal case, we could lose his life and liberty for a extended period of time I'm not sure that that argument is particularly help He can't you can see the circular nature of it the fact that he didn't recognize might simply be further indication of What appears on on paper to be a fairly severe? Mental disturbance he couldn't be trusted with a roll of toilet paper. They couldn't give him more than a few sheets of toilet paper No, I'm not Contesting he had a mental disability. He may have met. I think that's probably why yeah I'm not contesting that your honor that he had a mental disability but at my point was that he was not found to be incompetent and He was a found to take and be able to represent himself in his own criminal case In fact successfully delayed the prosecution of his criminal case for five years So your point is that facts were not he did not present facts to the district court regarding the true picture of his Exceptional circumstance. Yes and I think the court recognized that its opinions and it says in his decision and the Joint appendix that the inmate has not presented exceptional facts to support his request This report doesn't say in its opinion is anything about the tolling issue um What are we to make of that? Well judge Davis, I think is one of the best judges we have in this record and he can we not Bring personalities. I think all district judges do Remarkable work I agree with you judge My point was that he generalist this court is very thorough in its analysis and on the law Um, he had a brief discussion of the tolling and he used a standard I think I think he did he in his decision He says is a two-year statute of limitations under Virginia law in a 1983 case They that the court does say that but the word tolling doesn't exist anywhere in the district court Opinion did the district court have all the evidence it needed to answer the tolling question Well judge, I think what's the all that all that we can go by is what's the record? I agree. I agree with your honor that there was no discussion on tolling he did No, I don't I didn't see the tolling and right you mean I guess you meant he discussed timeliness timeliness timeliness and the two-year statute of limitations of Virginia on a 1983 claim It would help me because I didn't really get there with appellants counsel For clarification of how tolling would not help Mr. Evans The flip side of the question that I asked Count mr. Hykins How would tolling not be available to help mr. Evans I Think tolling could have been helpful to help me could have helped. Mr. Evan. Well, that's a pretty damaging admission I would think well well I mean I think but I think the test that the court sets out is the complexity of the case the ability of the individual bringing it Just because individual doesn't bring every potential argument doesn't I don't think intent title him to appointment of counsel I'm not sure. I understood your response. My question was If it's possible that Tolling as I understood what you just said if it's possible that tolling would a tolling argument would help. Mr. Evans Isn't that in and of itself a strong factor? to be taken into consideration in Assessing the extraordinary circumstance because doesn't that go to the complexity of the case? Well, I think Mr. Evans outlined in his 14-page complaint The basis of all his complaint of all his allegations He did not address the tolling issue the court the district court did not he didn't raise the tolling issue The district court did not address it in its opinion I don't but I think the Nate the complexity case certainly and the the breadth of the allegations were covered There was no discussion as to tolling but I think you know, I'm not sure that the court requires that every issue be raised by Pro se appellant and often they're not so but I think based upon certainly this is not the Wiseman case where the the inmate was illiterate and couldn't read or write English This is someone who's very literate who's extent extremely intelligent. He's very well versed in the law He's representing himself in the criminal case and he's ready files appeals was filing appeals with Human Rights Commission He was very adept at filing Actions and formulating his thoughts and make the arguments the fact that he may have missed the tolling arm. I don't think automatically shows That council would have made a difference in the case and I don't think that According to the court's precedent that automatically entitles him to appointment of counsel so I imagine you you are saying as I Understand it that it is it might be a factor, but it is not necessarily this positive factor. Exactly Exactly. Um, and I think you know, I was looking there's not a whole lot of guidance on this issue on The mentally ill and when when counsel needs to be pointed um we don't have a whole lot of precedent to go by and But I think this is certainly a case where I I would not say that this is someone who did not know was not Aware of what was going on and was Undergoing psychotic episodes so he could not formulate his thoughts Certainly all the pleadings. He's in fact, he filed full response to the motion for summary judgment down the motion dismissed with attachments and With what if anything are we to do or make of the Admission that was apparently made in state court regarding denying Appellant access to the law library because of the concern that he would file a claim that he did ultimately file Well, I mean that that was an allegation that was an allegation made by the plaintiff. It was clear that he was a difficult inmate and and Accommodations were made to give him access to law library And of course as we have to recognize this is an extraordinary was extraordinarily difficult inmate But the facility to to deal with and they did they had to take and point 24-hour sir 24-hour guard outside his cell to watch him. So it was an allegation made By mr. Evans that appears to be corroborated at least in a newspaper article Allegation that the state denied that your client denies My client did file an affidavit just off the top of my head I can't remember what it says in that if he denied or not, but we do have in the record that he thought mr Pinski the superintendent did file an affidavit and I and he says in the affidavit They did everything they could to take and give him access under the circumstances When you have an inmate who every time you give him that pencil He swallows it and it's very very difficult to give him access So they had to take and really this was an extraordinary case. It's not your normal inmate, right, right? It is an extraordinary case. That's the point. It's an exceptional case. So doesn't it fall? within the confines of the exceptional circumstances Which would indicate that he should have been accorded counsel I meant all extraordinary in his behavior that was that his behavior had to be dealt with The case the case was complex and I think the ability of mr. Evans was certainly Sufficient and better than most pro se litigants to handle it to file pleadings on his own behalf So if the court has no further questions, I would respectfully request that the court affirm the ruling of the district court Thank you Thank You your honors, I'd like to begin by addressing the two points on rebuttal first about What the defendants have and have not denied I just reviewed defendant Komplinsky's Declaration affidavit that he filed in this case It's at pages 70 to 72 of the joint appendix and in that depth affidavit the court has it in front of it I do not see any denial that he made that admission before the state court I actually think there is indirect Corroboration of it actually in the record your honor if you look at the actual document itself That's filed. It's on page j a 94 to 95 It actually begins the memorandum by defendant Komplinsky that says on December 20th 2013 I was notified that judge Shaw Directed the jail to allow Evans to review legal materials judge Shaw is the judge that mr Evans alleges admonished the defendant for his admission that he was denying. Mr. Evans access to the law library So in fact the evidence that the defendants have put in the record provides indirect Circumstantial evidence that actually tends to support. Mr. Evans allegation that that happened. Mr Highton's our our review is not de novo. Is it it is not and standard of review is abuse of discretion given the record before the district court How did the district court here abuse its discretion based on what it had? In denying Evans absolutely honor that was that was going to be my second point The question is whether this was put before the district court and it was the single best evidence of that is mr Evans's second request for counsel. It's in the joint appendix starting at page 136 It was filed on November 30th 2015 in that second request for counsel. Mr Evans informs the district court one that he is indigent to that He has no access to a law library for that. He has no access to a pen and then this is later He actually includes the attachment from central state This is at JA 144 that says two very important things that attachment which was attached to the second motion It was thus before the district court first makes crystal clear that the reason that he is at central state is because he was sent There by order of a court under a provision of Virginia Code allowing for commitment of an incompetent defendant so the district court was clearly informed that the reason he was at central state is because the court concluded that he was Incompetent and further it is in that same document that the officials of the psychiatric facility take the position That mr Evans has no right to access the courts Which is a position that the defendants have made no effort to defend the legal correctness of before this court That's not before us. I mean, that's part of the reason they probably haven't made an effort to Defend I have an appeal that I could tell no But it is before the court your honor because it bears on the question of whether this case presents extraordinary circumstances procedurally it It wasn't but I take your point that his The inquiry is intertwined because you're saying he can't Represent himself Right, I think it's important to differentiate I think the access to the court's issue It matters in this case for two different reasons. The first is with regard to mr Evans's substantive claims and I agree that one of his substantive claims is a Substantive denial of the First Amendment right to access the courts. I I agree with your honor that that was not appealed I guess I would say it has been appealed to the extent that we have appealed the final judgment on the ground That it is tainted and that's the court's language from wisen it that the entire final judgment in this case is tainted by the fact That the district court did not appoint counsel to represent Oh, it wouldn't have been preserved in the sense that that we would all be on notice that it was preserved as as No, I agree your honor we certainly have not appealed to raise it We have not asserted that a freestanding basis for reversing the district I also don't recall it being in your opening. No, I certainly agree that but but your honor I think the access to the court's issue also bears on the issue. We have appealed on which is the characteristics of the claimant I think when we assess the characteristics of the claimant the fact that he's being held in an environment where he has no access to an attorney is part of the court's analysis of the Characteristics of the claimant and that certainly was before the district court because mr Evans made that point crystal clear in his motion requesting for counsel. Yes, and this is um Is an incompetent And I do not ask this to be argumentative is an incompetent Complainant Per se Does one per se present an extraordinary circumstance are there are there other avenues are there guardians At light of is there that is there a person say? Basis to suggest that because he is incompetent. He is entitled to counsel. I Don't think that I'm aware of any decision of any court that has said that and I certainly don't but I also more No, I said But I also don't think there's any need for the court to rule that to rule in our favor because there are a number of Factors about this case there may be for example There may be an incompetent defendant who has a guardian who's been appointed to represent them I think that would certainly bear on the question of whether a case presents extraordinary circumstances. Thank you. Thank you your honor I Note that mr. Huygens you are court-appointed. Is that correct? Thank you very much for your Extraordinarily able service not only to your client, but also to this court. We appreciate it We will come down in group counsel and proceed directly to the next case
judges: Allyson K. Duncan, Stephanie D. Thacker, Max O. Cogburn, Jr.